# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 30, 2010

139647

MOHAMED MAWRI,
        Plaintiff-Appellant,

v

CITY OF DEARBORN,
        Defendant-Appellee.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 139647
COA: 283893
Wayne CC: 06-617502-NO

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we VACATE our order of December 18, 2009. The application for leave to appeal the August 6, 2009 judgment of the Court of Appeals is DENIED, because we are no longer persuaded that the questions presented should be reviewed by this Court.

HATHAWAY, J. (*dissenting*).

I respectfully dissent from the majority's order vacating leave to appeal. I believe that the Court of Appeals erred in its decision and that this case warrants review by this Court.

This case arises out of injuries sustained in a fall on a sidewalk under the jurisdiction of the city of Dearborn. Plaintiff fell and injured his hip on March 2, 2006 as a result of an alleged defect in the sidewalk. Plaintiff's attorney sent a letter notifying the city of the defect and the injury within the 120-day time period provided in MCL 691.1404(1). The letter, however, refers to the location of the defect as being "*in the area of 5034 Middlesex*" rather than stating 5026 Middlesex, a location, which according to the city of Dearborn's Department of Public Works inspection report is a mere 15 feet away. The parties do not dispute that the actual location of the defect was 5026 Middlesex and that the plaintiff was injured at 5026 Middlesex. Moreover, no one disputes that the city of Dearborn had *actual* notice of the defect and recognized and repaired the defect *before* receipt of plaintiff's timely notice. Thus, plaintiff's notice

ostensibly contains a minor technical error.[1] The Court of Appeals held that because plaintiff's pre-suit notice contained this error the notice did not meet the requirements of MCL 691.1404(1), and accordingly remanded plaintiff's case to the trial court for entry of summary disposition in favor of the defendant.

I believe the Court of Appeals erred in its decision. Under the facts of this case, the city of Dearborn had sufficient notice of the defect to satisfy the purposes of the notice requirement contained in MCL 691.1404(1).

The primary purpose of any notice statute is to provide timely notice to a defendant prior to suit.[2] That objective was met in this case. The opinion of the Court of Appeals focuses on form rather than on the meaningful substantive requirements of MCL 691.1404(1). We recently addressed a similar pre-suit notice requirement in *Bush v Shabahang*, 484 Mich 156 (2009), and held that defects in a statutorily mandated pre-suit notice of intent in medical malpractice cases can be disregarded or cured by amendment under MCL 600.2301 as long as the plaintiff makes a good-faith attempt to comply with the notice provision.

MCL 600.2301 provides:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding *shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.* [Emphasis added.]

I see no reason why MCL 600.2301 should not apply to the notice requirement in the present case for the same reasons expressed in *Bush*. Here the plaintiff made a good-faith attempt to notify the defendant in a timely manner but the notice contained an ostensible defect. The defendant, however, had actual notice of the defect on a timely basis and accordingly no substantial right of any party was affected. Because § 2301 mandates that the court "*shall* disregard any error or defect in the proceedings which do not affect the substantial rights of the parties," the Court of Appeals was required to disregard this minor technical defect.

---

[1] I have a difficult time understanding why a location a mere 15 feet away is not, as the plaintiff's letter states, "in the area of 5034 Middlesex."

[2] *Bush v Shabahang*, 484 Mich 156 (2009).

Accordingly, I would vacate the decision of the Court of Appeals and remand this case to the trial court for further proceedings.

KELLY, C.J., joins the statement of HATHAWAY, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 30, 2010

Clerk